UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNGENTA CROP PROTECTION, LLC,

    Plaintiff,

v.

WILLOWOOD, LLC, et al.,

    Defendants.

CASE NO. MC16-5019BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff Syngenta Crop Protection, LLC's ("Syngenta") motion to compel (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 27, 2015, Syngenta filed a complaint in the Middle District of North Carolina against defendants Willowood, LLC, Willowood USA, LLC, Willowood Azoxystrobin, LLC, and Willowood Limited (collectively "Willowood") alleging patent and copyright infringement under federal law, and unfair and deceptive trade practices

ORDER - 1

under North Carolina state law ("the underlying litigation").  Dkt. 2, Declaration of Hari Santhanam, Exh. 1 ("Comp.").  In general, Syngenta alleges "that Willowood's Azoxy 2SC and AzoxyProp Xtra products each infringe certain Syngenta patents relating to azoxystrobin and methods of making azoxystrobin" and "that in labeling its products Willowood has copied, and infringes, Syngenta's copyrighted product labels." *Id*. at 2–3.

On April 1, 2016, Syngenta served a third-party subpoena on Pyxis Regulatory Consulting ("Pyxis") located in Gig Harbor, Washington. *Id*., Exh. 15.  The subpoena included fifteen requests for production.  *Id*. at 12–14.  In general, Syngenta requests all communications (1) between Willowood and Pyxis regarding Syngenta and the accused products, (2) between Pyxis and regulatory agencies regarding the accused products or accused labels, and (3) between Pyxis and Greenfields Marketing, Ltd. regarding the accused products or labels.  *Id*.

On May 9, 2016, Pyxis responded, lodged numerous objections, and produced some documents.  *Id*., Exh. 16.  Relevant to the instant motion, Pyxis asserted the attorney-client privilege, the work product doctrine, and the unretained expert exception. *Id*.

After the parties engaged in a telephonic meet and confer, Syngenta's attorney sent a follow-up email summarizing the conversation.  *Id*., Exh. 18.  On June 21, 2016, Pyxis's attorney responded in part as follows:

> 1. Documents relating to data compensation: We continue to wait for a Court ruling on whether data compensation documents are required to be produced. Please advise when you have a ruling.

> 2. We continue to assert that documents dated before February 5, 2014 may be withheld based upon the unretained expert privilege. From February 5, 2014 (date Pyxis was retained to address Syngenta's challenge to Willowood's registration, and later retained on April, 2015 to address the pending litigation) to the present, documents may be withheld based upon the unretained expert privilege, the non-testifying expert privilege, and/or the attorney-client or work product privilege.
>
> 3. Pyxis agrees to produce non-privileged documents that Pyxis shared with Willowood and also documents Pyxis shared with EPA.
>
> 4. Pyxis will provide a privilege log. Counsel for Willowood will review the privilege log prior to submission to ensure that Willowood's privilege is protected.
>
> 5. We will produce confidential and highly confidential documents and use the "Attorneys' Eyes Only" designation and not withhold any documents on the basis of confidentiality.
>
> 6. Pyxis continues to assert the objections raised against all discovery requests that seek documents that are related to Greenfields but do not also relate to Willowood, azoxystrobin, and the accused products. Those documents will not be produced without further clarification from Syngenta or the Court.

*Id.*, Exh. 17.

On July 7, 2016, Syngenta moved to compel Pyxis to produce documents in response to the third-party subpoena. Dkt. 1. Syngenta argued that Pyxis was improperly withholding documents (1) on the ground that it was an unretained expert, (2) under the attorney-client privilege and work-product doctrines, and (3) relating to Greenfields on relevance grounds. *Id.* On July 20, 2016, Pyxis responded. Dkt. 25. Pyxis asserted that it "has not withheld a single document on the basis of the unretained expert exception to discovery." *Id.* at 6. Pyxis also argued that Syngenta's other requests are "moot" and "meritless." *Id.* at 6–7. On July 22, 2016, Syngenta replied. Dkt. 28.

1   On August 17, 2016, Pyxis moved to file supplemental briefing in response to an
2 order on a motion to dismiss in the underlying litigation. Dkt. 33. On August 22, 2016,
3 the Court granted the motion. Dkt. 35. On September 7, 2016, Pyxis filed a
4 supplemental brief. Dkt. 39. On September 8, 2016, Syngenta filed a supplemental brief.
5 Dkt. 40.

6   On October 7, 2016, Syngenta filed a notice of order in underlying litigation and
7 provided the order granting Syngenta's motion to compel documents relating to
8 Greenfields. Dkt. 42. On October 11, 2016, Pyxis responded. Dkt. 43.

## II. DISCUSSION

10   It is unfortunate that the parties could not resolve this dispute amongst themselves
11 or, at the very least, present the Court with concrete and defined issues. Although the
12 parties declare that they met and conferred, whether they made a good faith effort to
13 resolve at least some of this dispute is questionable. For example, Pyxis's counsel
14 essentially conceded the unretained expert objection to the extent that, as of a certain
15 date, no document had been withheld under this exception. Dkt. 26, Declaration of
16 Dayna Christian, Exh. 1 at 3 ("as of today, I'm not withholding a single document under
17 the unretained expert exception to discovery. I believe that we should confer further to
18 narrow the issues you are asking the Court to address."). Syngenta's counsel, however,
19 was unwilling to either accept or confer on this concession. *Id*. ("Pyxis is unwilling to
20 state that it is withdrawing any of its objections that are the subject of Syngenta's motion.
21 As the parties are at an impasse on these issues, and with fact discovery closing in the
22 underlying litigation at the end of this month, Syngenta is entitled resolution from the

Court."). Normally, the Court would deny the motion for failure to confer in good faith or order another good faith attempt to resolve the impasse. Regrettably, this is not a normal case because the trial schedule is not within the control of this Court. Accordingly, the Court will attempt to identify and resolve the remaining impasse.

**A.    Unretained Expert**

The parties are ships passing in the night on this issue. Pyxis's attorney has certified, by signing its response, that, as of the time of the response, Pyxis "has not withheld a single document on the basis of the unretained expert exception to discovery." Dkt. 25 at 6. Undeterred by this assertion, Syngenta argues that, "if Pyxis truly wanted to moot Syngenta's motion, it would withdraw its objection and produce the requested documents." Dkt. 31 at 3. This argument begs the rhetorical question of what documents Pyxis should produce if it is not withholding any documents under this objection? Regardless, Syngenta has failed to show that the resolution of this objection would result in anything more than an advisory opinion. Therefore, the Court denies the motion on this issue as moot.

**B.    Attorney-Client Privilege and Work-Product Doctrine**

Similar to the previous dispute, the parties appear to be arguing different issues. Syngenta first contends that, as a third party, Pyxis does not have standing to assert the attorney-client privilege or work-product doctrine. Dkt. 5 at 12–13. Pyxis fails to contest this issue and contends that, pursuant to an agreement between the parties, the issue is moot. Dkt. 25 at 6–7. In Syngenta's reply, it disputes the scope of the parties' agreement and asserts that Pyxis is using the privilege and the doctrine to "shield documents relating

1  to work that it did in its capacity as regulatory agent to secure Willowood, Greenfields,
2  and TaiHe's EPA registrations and related labels." Dkt. 31 at 4.  Thus, as best the Court
3  can determine, Pyxis is retaining some unidentified documents under these objections.
4        The attorney-client "privilege can be invoked only at the instance of the client."
5  *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988), *overruled on other*
6  *grounds*, *United States v. George*, 960 F.2d 97 (9th Cir. 1992).  "The burden of
7  establishing the existence of the attorney-client privilege, and of presenting the
8  underlying facts demonstrating the existence of the privilege rests on the claimant of the
9  privilege." *Id*. (quoting *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)).
10 Similarly, the work-product doctrine "limits its protection to one who is a party (or a
11 party's representative) to the litigation in which discovery is sought. *In re California*
12 *Pub. Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("Because the [third party] is
13 not a party to [plaintiff's] suit against [defendant], it cannot invoke Rule 26(b)(3) against
14 [defendant's] subpoena of the [third party] documents.").
15       In this case, Pyxis's assertion of the protections is completely without merit.  As a
16 third party, Pyxis may not invoke either the attorney-client privilege or the work-product
17 doctrine against Syngenta's subpoena.  Even if Pyxis was entitled to these protections, it
18 has wholly failed to submit *any* evidence to meet its burden of presenting facts in support
19 of the protections.  Therefore, the Court grants Syngenta's motion on the regulatory agent
20 documents.

### C. Greenfields

Syngenta asserts that "Pyxis is improperly and unilaterally withholding documents and communications that do not expressly mention Willowood but that relate to Greenfields and its azoxystrobin technical registration." Dkt. 5 at 15.  In its latest brief, "Pyxis continues to stand by its objection to producing documents and communications that pertain to Greenfields and do not also pertain to Willowood, azoxystrobin, and the accused products." Dkt. 42 at 5.  Yet, Syngenta has stated that it "seeks Pyxis' documents and communications relating to Greenfields' azoxystrobin technical registration, even if those documents do not expressly mention Willowood." Dkt. 31 at 5.  Again, the parties are not at an impasse, they have just apparently failed to properly communicate with one another.  Regardless, this issue has already been resolved by the court in the underlying litigation and Pyxis's contention that this Court must "independently analyze" this discovery issue is without merit.

On May 25, 2016, Syngenta moved the Court to compel Willowood to produce certain documents.  *Syngenta v. Willowood*, C15-274CCE-JEP (M.D.N.C.), Dkt. 50.  In relevant part, Syngenta requested an order compelling production over Willowood's objection to Syngenta's request number 60.  *Id*., Dkt. 51 at 12–13.  That request asked for production of

> [a]ll agreements between Greenfields Marketing Limited and any third party involved in the manufacture or supply of the Accused Products, or the azoxystrobin compound used therein, including any agreements related to regulatory submissions for the Accused Products or azoxystrobin compound.

1 | *Id.*, Dkt. 51-15 at 12.  On October 6, 2016, the Court granted the motion overruling

2 | Willowood's relevancy objections concluding that:

> the disputed documents are within the scope of relevant material discoverable under Rule 26, given the questions regarding the nature of the relationship between Willowood and the third-party company and the extent to which that relationship and the role of the third-party company are potentially at issue in the claims in this case.

*Id.*, Dkt. 82 at 3.  Similarly, "documents and communications relating to Greenfields' azoxystrobin technical registration" are relevant to the underlying litigation.  Therefore, the Court grants Syngenta's motion to the extent consistent with this conclusion.  If a document is related to Greenfields but not azoxystrobin, the document is outside the scope of this order.

**D.     Fees**

Neither party is awarded fees.

### III. ORDER

Therefore, it is hereby **ORDERED** that Syngenta's motion to compel (Dkt. 1). **GRANTED in part** and **DENIED in part**.  The Clerk shall close this case.

Dated this 14th day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge